***E-FILED - 8/7/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| ANDRE G. GRANT, | ) | No. C 09-2846 RMW (PR) |
|---|---|---|
| Plaintiff, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| SERGEANT L. BARNES and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court DISMISSES the complaint for failure to state a cognizable claim.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

1  seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),
2  (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police
3  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).
4        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
5  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
6  the alleged violation was committed by a person acting under the color of state law. See West v.
7  Atkins, 487 U.S. 42, 48 (1988).
8  B.    Plaintiff's Claim
9        Plaintiff claims that on May 27, 2009, Sergeant Barnes became hostile and angry toward
10 the inmates and yelled, "Yall Niggas ain't convicts yall some bitches" [sic]. (Complaint, p. 3.)
11 Plaintiff asserts that such language is unprofessional and unethical. Plaintiff adds that such a
12 racial statement was disrespectful and wrong.
13       Defamation alone does not state a constitutional claim, even when done under color of
14 state law. See Paul v. Davis, 424 U.S. 693, 701-710 (1976). Although unfortunate, plaintiff's
15 allegation fails to state a claim for damages under § 1983 because the language used did not
16 amount to a constitutional violation. See Rutledge v. Arizona Board of Regents, 660 F.2d 1345,
17 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); Franklin v. Oregon,
18 662 F.2d 1337, 1344 (9th Cir. 1981) (no subject matter jurisdiction over claim of slander by
19 police officer because no violation of federal right).
20       While district courts must afford pro se prisoner litigants an opportunity to amend to
21 correct any deficiency in their complaints, see Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir.
22 2000) (en banc), a pro se complaint "may be dismissed for failure to state a claim only where it
23 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
24 would entitle him to relief." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations
25 and internal quotations omitted). Here, even liberally construed, under the circumstances
26 alleged, plaintiff has not alleged facts sufficient to entitle him to relief. See Freeman v. Arapio,
27 125 F.3d 732, 738 (9th Cir. 1997) ("verbal harassment or abuse . . . is not sufficient to state a
28 constitutional deprivation"), abrogated on other grounds as stated in Shakur v. Schriro, 514 F.3d

1 | 878, 884-85 (9th Cir. 2008).  Accordingly, the court concludes that leave to amend would be
2 | futile.

## CONCLUSION

Accordingly, plaintiff's complaint is DISMISSED for failure to state a cognizable claim. The Clerk shall terminate any remaining motions and close the file.

IT IS SO ORDERED.

DATED: __8/5/09__

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.09\Grant846dis.wpd            3